**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | 1:25-CR-00221-ELR |
| | * | |
| IAN PATRICK JACKSON, | * | |
| a/k/a L.G., | * | |
| a/k/a J.W., | * | |
| a/k/a K.B., | * | |
| a/k/a J.S., | * | |
| | * | |
| Defendant. | * | |
| | * | |

_____

**ORDER**

_____

This matter is presently before the Court on Defendant Ian Patrick Jackson's Motion for Recusal. [Doc. 68].

Having encountered media coverage about the findings of the Judicial Council of the Eleventh Judicial Circuit that the undersigned engaged in improper sexual activity in Chambers during business hours within the hearing of her former law clerks, see Order, Judicial Compl. No. 11-25-90212 (11th Cir. Judicial Council Feb. 11, 2026)) ("Judicial Council Report"), Defendant, *pro se*, moves for the recusal of the undersigned, [Doc. 68 at 1–2]. Defendant asserts that the undersigned's action violates codes of judicial conduct and the Georgia Constitution, expresses the view

that the undersigned "deserves a more severe punishment than just a private, or even public, reprimand," and questions the undersigned's character and fitness. [Doc. 68 at 2, 5–6].

In accordance with 28 U.S.C. § 455(a), a federal judge must disqualify herself "in any proceeding in which h[er] impartiality might reasonably be questioned." Section 455(b) provides additional circumstances requiring disqualification.[1]

---

[1] Specifically, § 455(b) provides that a judge

shall also disqualify h[er]self in the following circumstances:
(1) Where [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice [s]he served as lawyer in the matter in controversy, or a lawyer with whom [s]he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where [s]he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) [Sh]e knows that [s]he, individually or as a fiduciary, or his spouse or minor child residing in h[er] household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) [Sh]e or h[er] spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
(i) Is a party to the proceeding, or an officer, director, or trustee of a party;
(ii) Is acting as a lawyer in the proceeding;
(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

Defendant fails to show that any of § 455's circumstances for disqualification are present here. Defendant identifies no conduct giving rise to a question of the undersigned's impartiality in this case, nor does he identify any personal bias, financial or other interest, or any other cause under § 455(b) justifying the undersigned's recusal from this case.

Finding no basis for disqualification, the Court **DENIES** Defendant's Motion for Recusal. [Doc. 68].

**SO ORDERED**, this 18th day of June, 2026.

_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia